JOURNAL ENTRY AND OPINION
In 1990, a jury found defendant William McKinsey guilty of nine counts of rape, one count of kidnapping, one count of felonious assault, and one count of felonious sexual penetration. The court sentenced him to an aggregate prison sentence of ninety to two hundred twenty-five years. In May 1997, the court had defendant returned for a sexual predator determination and, in a journal entry stated, ""[the defendant is automatically classified as a sexual predator pursuant to R.C. 2950.09 (A); upon hearing held pursuant to R.C. 2950.09 (B), the defendant is hereby adjudicated to be a sexual predator." Defendant appeals from this order.
Nearly all the assignments of error relating to the constitutionality of the sexual predator law have been raised in identical form in other appeals and decided adversely to defendant either by the Supreme Court of Ohio or this court. We summarily overrule the first, second, fourth, fifth, sixth, seventh, eighth, ninth, tenth and eleventh assignments of error on authority of State v. Cook (1998), 83 Ohio St.3d 404 and Statev. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
Defendant's third assignment of error complains that the court lacked clear and convincing evidence to find him a sexual predator. While we find the court erred by labeling defendant a sexual predator under R.C. 2950.09 (A), we nonetheless affirm the sexual predator determination under R.C. 2950.09 (C).
R.C. 2950.09 (A) provides, among things, that an offender can automatically be labeled a sexual predator if all three of the following prerequisites are met:
 1. The person must be convicted of or plead guilty to committing, on or after the effective date of this section,
 2. The offense must be a sexually oriented offense that is a sexually violent offense, and
 3. The offender must also be convicted of or plead guilty to a sexually violent predator specification that is included in the indictment count in the indictment, or information charging the sexually violent offense.
Because the jury found defendant guilty in 1990, well before the effective date of R.C. 2950.09 (A), the automatic labeling provisions of that section do not apply. See State v. Qualls
(Mar. 4, 1999), Cuyahoga App. No. 72793, unreported; State v.Black (Feb. 11, 1999), Cuyahoga App. No. 72448, unreported.
The court's journal entry also stated that "upon hearing held pursuant to R.C. 2950.09(B), the defendant is hereby adjudicated to be a sexual predator." We do not consider this entry an indication that the court found defendant a sexual predator under R.C. 2950.09(B). Instead, the court's entry, fairly read, does nothing more than state the court held a hearing and considered the factors listed under R.C. 2950.09(B), as it was required to do by R.C. 2950.09(C)(1). Had the court truly intended to label defendant a sexual predator under R.C. 2950.09(B), that decision would be clearly erroneous since that section only applies to offenders sentenced "on or after the effective date of this section" the facts show that defendant committed his offense well before the effective date of the section.
The court prefaced its findings in court by stating it made its decision "both by operation of law and as a result of the information that was gleaned at the time of the trial." The information available to the court at the time of trial more than supported a finding by clear and convincing evidence that defendant was likely to commit in the future another sexually oriented offense as set forth in R.C. 2950.09(C)(2).
Hence, the court's journal entry referring to a "hearing held pursuant to R.C. 2950.09(B)" refers to the nature of the hearing held (primarily the factors set forth in R.C. 2950.09 (B)(2)), not the section that controlled the sexual predator determination. Nonetheless, in the event the court's citation to R.C. 2950.09(B) could be considered the section the court considered at the time, the overwhelming evidence before the court at the hearing would lead us find that to be a clerical error which we are permitted to correct pursuant to App.R. 12 (A)(1)(a). See State v. Blair (May 27, 1999), Cuyahoga App. No. 73975, unreported. To avoid any future confusion, we modify the court's judgment entry to show that defendant is a sexual predator under R.C. 2950.09(C). The third assignment of error is overruled.
Judgment modified, and as modified, affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY, J., KENNETH A. ROCCO, J., CONCURS
 _______________________________ PRESIDING JUDGE JOHN T. PATTON